**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Arnold Evans, a married man | Case No.: _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| MiniSoft, Inc., an Arizona corporation | **JURY DEMAND** |

Plaintiff Arnold Evans, for his Complaint against MiniSoft, Inc., avers as follows:

## NATURE OF THE CASE

1.  The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2.  Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of

Complaint and Demand for Jury Trial                                                                                      Page 1

employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against MiniSoft, Inc. for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. MiniSoft, Inc. had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7. Venue is proper under 28 U.S.C. § 1391(b) because Defendant resides within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

## PARTIES

9. At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

10. At all times material hereto, MiniSoft, Inc., was incorporated in the State of Arizona and has its principal place of business at 15501 North Dial Blvd., Scottsdale, Arizona 85260.

11. At all relevant times, Plaintiff was an "employee" of MiniSoft, Inc., as defined by 29 U.S.C. § 203(e)(1).

12. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to MiniSoft, Inc..

13. At all relevant times, MiniSoft, Inc. was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

14. At all times material to this action, MiniSoft, Inc. was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

15. On information and belief, at all relevant times, the annual gross revenue of MiniSoft, Inc. exceeded, and continues to exceed, $500,000.00.

### FACTUAL BACKGROUND

16. MiniSoft, Inc. is a global software company specializing in collection management software for legal and professional service firms.

17. MiniSoft, Inc. hired Plaintiff in September 2008 as a telephone troubleshooting support representative.

18. Plaintiff worked the "night shift" and was customarily fielding troubleshooting issues from clientele in other countries.

19. Plaintiff's responsibilities included providing technical support to clients that had purchased the Accounts Receivable Software. Clients would call in and Plaintiff would aid them in any troubleshooting issues they may have had with the software.

20. Plaintiff would also aid clients through troubleshooting issues with e-mail software.

21. Plaintiff followed a specific procedure for dealing with client troubleshooting issues. The procedures were created by MiniSoft, Inc.

22. Plaintiff would also be responsible for data entry to aid in the creation of statements of client accounts.

23. MiniSoft, Inc. compensated Plaintiff on a bi-weekly salary of $1,595.70.

24. Plaintiff was a non-exempt employee. He should have been paid an hourly rate, not salary.

25. Plaintiff had no real supervision or management responsibilities.

26. Plaintiff could neither hire nor fire employees.

27. Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out his job responsibilities.

28. MiniSoft, Inc. managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

29. Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of MiniSoft or its' customers.

30. Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

31. Plaintiff did not perform work requiring advanced knowledge.

32. During this period, Plaintiff routinely worked in excess of forty hours per week for MiniSoft without receiving overtime compensation.

33. Plaintiff's schedule was five 12 am to 10 am shifts each week. Once a month, Plaintiff would work an additional 3 pm to 12 am shift in addition to his regularly scheduled shifts.

34. Plaintiff has retained the law firm of Phillips Dayes Law Group PC to prosecute his claims against MiniSoft, Inc. on his behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

## COUNT ONE
## OVERTIME VIOLATION—29 U.S.C. § 207

35. Plaintiff incorporates and adopts paragraphs 1 through 34 above as if fully set forth herein.

36. While employed by MiniSoft, Inc., Plaintiff regularly worked multiple hours of overtime per week.

37. Plaintiff was a non-exempt employee.

38. MiniSoft, Inc. have intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

39. On information and belief, MiniSoft, Inc. further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

40. As the direct and proximate result of MiniSoft, Inc.'s violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

41. Pursuant to 29 U.S.C. § 216, MiniSoft, Inc. is liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

42. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

43. On information and belief, MiniSoft, Inc.'s conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

44. MiniSoft, Inc. has not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover his overtime compensation, and his statutory liquidated damages, and as the direct and foreseeable result of MiniSoft, Inc.'s conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against MiniSoft, Inc.:

    a. Awarding Plaintiff overtime compensation in the amount due for all of his time worked in excess of forty (40) hours per week at a pay rate

    equal to one and one-half times Plaintiff's regular rate of pay while at work for MiniSoft, Inc., in an amount proved at trial;

  b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

  c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

  d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

  e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

  f. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLARATORY JUDGMENT

45. Plaintiff incorporates and adopts paragraphs 1 through 44 above as if fully set forth herein.

46. Plaintiff and MiniSoft, Inc. have an overtime compensation dispute pending.

47. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

48. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

    a. MiniSoft, Inc. employed Plaintiff.

    b. MiniSoft, Inc. is engaged in an enterprise covered by the overtime provisions of the FLSA.

    c. Plaintiff individually is covered by the overtime provisions of the FLSA.

    d. Plaintiff was not an exempt employee pursuant to the FLSA.

    e. MiniSoft, Inc. failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

    f. MiniSoft, Inc.' failures to pay overtime compensation to Plaintiff were willful.

    g. Plaintiff is entitled to damages in the amount of overtime compensation not paid by MiniSoft, Inc. at the rate of one and one-half times Plaintiff's regular rate of pay.

    h. Plaintiff is entitled to an equal amount as liquidated damages.

    i. Plaintiff is entitled to recover his costs and a reasonable attorney's fee incurred in prosecuting his claim.

49. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

50. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against MiniSoft, Inc.:

    a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

    b. Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

    c. For such other and further relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: September 12, 2014    Respectfully submitted,

**PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

By: /s/ Trey Dayes
Trey Dayes
Attorney for Plaintiff